10-1720-ag
Pelaez Saldarriaga v. Holder

BIA
A098 816 952

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of July, two thousand eleven.

PRESENT:
>        PIERRE N. LEVAL,
>        JOSÉ A. CABRANES,
>        ROBERT D. SACK,
>            *Circuit Judges.*

_____

CARLOS FELIPE PELAEZ SALDARRIAGA
>        *Petitioner,*

> v.                                         10-1720-ag
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
>        *Respondent.*

_____

FOR PETITIONER:        Daniel B. Lundy, Barst Mukamal & Kleiner, LLP, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Margaret A. O'Donnell, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carlos Felipe Pelaez Saldarriaga, a native and citizen of Colombia, seeks review of an April 2, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Carlos Felipe Pelaez Saldarriaga*, No. A098 816 952 (B.I.A. Apr. 2, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA denied Pelaez Saldarriaga's motion to reopen finding that the police report submitted by his father did not constitute material new evidence establishing his *prima facie* eligibility for relief, because it would not have changed the result of the new proceedings. The BIA has explained that it will not grant a motion to reopen based on evidence that is largely cumulative of evidence previously submitted, because evidence is not material unless "the new evidence offered would likely change the result in the

2

case." *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992); *see also* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen shall not be granted unless it appears to the BIA that the new evidence to be offered is material). Here, contrary to Pelaez Saldarriaga's argument, the BIA did not summarily discount his new evidence as unauthenticated as the BIA addressed the substance of the new evidence. When addressing the substance of the new evidence, the BIA did not abuse its discretion in finding that Pelaez Saldarriaga's father's 2009 report to the Colombian police, was not material new evidence because it largely repeated similar evidence that the IJ and BIA had previously considered, including a previous report filed in 2001. *See Matter of Coelho*, 20 I. & N. Dec. at 473.

In addition to being cumulative, the police report was not material because it did not give any indication as to the motives of the United Self-Defense Forces of Colombia ("AUC") in pursuing Pelaez Saldarriaga, and thus did not affect the agency's previous determination that he did not establish that he would be targeted by the AUC on account of a protected ground. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (explaining that an applicant for

3

asylum or withholding of removal must show a nexus between their persecution and the grounds protected under the Immigration and Nationality Act).  Contrary to Pelaez Saldarriaga's argument, the agency explicitly addressed his assertion that he had shown a nexus to a protected ground, as it explicitly found that he did not demonstrate such a nexus.  Accordingly, the BIA did not abuse its discretion in denying Pelaez Saldarriaga's motion to reopen because he failed to provide material new evidence.  *See* 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4